IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBIN EASON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:24-CV-2 (WLS) |
| : | |
| PUBLIX SUPER MARKETS, INC., *et al.,* : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**ORDER**

Defendant Publix Super Markets, Inc. moves for summary judgment. (Doc. 18) ("Motion"). After review, the Motion is **GRANTED**.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Robin Eason filed this Georgia slip-and-fall action on December 5, 2023, in the State Court of Thomas County, Georgia. (Doc. 1-1). The Complaint alleges that Publix negligently failed to maintain the premises in a reasonably safe condition and that Defendant failed to warn invitees of dangerous conditions, which caused injury to Plaintiff. (Doc. 1-1 at 3). Plaintiff's complaint also alleges that Defendant engaged in negligent hiring and employee supervision. (*Id.*) Publix removed the case to this Court on January 8, 2024, and answered the Complaint on the same day. (Docs. 1, 4).

**II.    STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

1

> purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). [1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of an element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions

---

[1] Local Rule 56 requires the movant for summary judgment to attach to the motion a separate statement of the material facts about which the movant contends there is no genuine dispute. M.D. Ga. L.R. 56. The respondent shall attach to its response a separate statement of material facts to which respondent claims there exists a genuine dispute. *Id.* The respondent shall also respond to each of the movant's numbered material facts. Here, Eason and Publix both comply with Local Rule 56.

on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587–88; *Allen,* 121 F.3d at 646. Yet the Court must grant summary judgment if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. FACTUAL BACKGROUND

On June 3, 2018, Eason was shopping at Publix in Thomasville, Georgia. (Doc. 18-1 ¶ 1). Eason was wearing two-inch-high heel wedge-heeled sandals while grocery shopping. (*Id.* ¶¶ 2-3). While checking out, she remembered that she forgot an item she needed from the dairy case, left her shopping cart in the checkout line, entering at one end of the dairy aisle before grabbing the item and proceeding off the aisle at the opposite end. (*Id.* ¶¶ 3-4). As Eason walked past the cosmetics end of the aisle, she alleges that her foot slid on something slippery on the floor.[2] (*Id.* ¶ 6). Plaintiff stumbled and fell, landing on her right hand, shoulder, and knee. (*Id.* ¶ 7).

Publix employees brought a chair to the site of Eason's fall, assisted her into the chair, where she sat for about ten minutes. (*Id.* ¶ 8, Doc. 22 ¶ 8). Plaintiff did not ask any Publix employee what was on the floor. (Doc. 18-1 ¶ 9). Eason did not see anything on the floor before her fall. (*Id.* ¶ 17). Eason did not see anything on the floor after her fall, including while she sat near the site of her fall in a chair for about ten minutes. (*Id.* ¶ 18). Publix asserts that multiple employees inspected the area following Eason's fall and found nothing slippery. However, Eason denies that there was nothing slippery. (Doc. 22 ¶¶ 12-16).

Publix has an inspection schedule to maintain the safety of its floors: the manager walks the store between 7 and 9AM and again between 2 and 3PM. (Doc. 18-1 ¶ 23). The store is

---

[2] For purposes of completing the record, Plaintiff also states she "felt something slick when she slid." (Doc. 23 ¶ 1).

3

swept throughout the day and once at night after the last customer leaves. (*Id.* ¶ 24). At night, employees use a floor machine to scrub the floors and no wax is used in the process. (*Id.* ¶ 25). Publix employees are trained to be observant and inspect the floors as they walk around the store, employing a "Don't Pass It Up, Pick It Up" policy. (*Id.* ¶¶ 26, 31). An employee was present stocking the dairy portion of the cosmetics aisle for at least thirty minutes before Eason's fall. (*Id.* ¶ 27). He stated that he had an opportunity to observe the area where Eason fell before and after the fall, but found the floor clean and dry, with no foreign substance present. (*Id.* ¶¶ 29-30, 32). Again, Eason denies that there was no foreign substance on the floor. (Doc. 22 ¶ 30).

### IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Publix moves for summary judgment. (Doc. 18-2). Defendant makes two key arguments for summary judgment: Plaintiff failed to establish the existence of a hazard and Publix lacked knowledge of a hazard, despite exercising ordinary care. The Court addresses each in turn.

#### A.  Plaintiff cannot identify the hazard that caused her fall

"Whether a hazardous condition exists is the threshold question in a slip and fall case." *Drew v. Istar Fin., Inc.*, 291 Ga. App. 323, 325 (2008). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." *Glynn-Brunswick Mem'l Hosp. Auth. v. Benton*, 303 Ga. App. 305, 307 (2010). Eason alleges she fell on a foreign substance that was "slippery" or "slick." (Doc. 18-1 ¶ 6, Doc. 23 ¶ 1). Plaintiff does not tell us what the foreign substance was. She does not know the color of it, nor its consistency beyond that it was slick. (Doc. 22 ¶ 19). "Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of the cause or cannot prove the cause, there can be no recovery, because an essential element of negligence cannot be proven." *Moore v. Teague*, 564 S.E.2d 817, 820 (Ga.Ct.App.2002). Plaintiff either does not know or has not told the Court what she slipped on.

> [T]he plaintiff bears the burden of introducing evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough . . . when the matter remains one of pure

4

speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant."

*Hobday v. Galardi,* 598 S.E.2d 350, 352 (Ga.Ct.App.2004). Eason has not identified the foreign substance on which she slipped. This means the Court cannot evaluate Publix's role in the existence of the substance on the floor, beyond the following discussion of Publix's cleaning and hazard-prevention procedures. Merely alleging that something was slick or slippery is insufficient. In *Christopher v. Donna's Country Store*, the Plaintiff alleged she "slipped and fell on a greasy substance that she did not see." 236 Ga. App. 219, 511 S.E.2d 579 (1999). There, as here, the Plaintiff maintained there was a substance and it was of a consistency which would cause a person to slip. There, as here, the court found that her "speculations[3] 'taken in the light most favorable to her, are merely conclusions and are probative of nothing.'" *Id.* at 580 (quoting *Wilkes v. Kroger Co.*, 221 Ga.App. 113, 114 (1996)).

"[T]he plaintiff must produce evidence 'of what foreign substance, condition, or hazard caused [her] to slip and fall.'" *Glynn-Brunswick Mem'l Hosp. Auth. v. Benton*, 303 Ga. App. 305, 307 (2010) (quoting *Mansell v. Starr Enters./Texaco, Inc.*, 256 Ga. App. 257, 258 (2002)). Eason has not produced evidence of what foreign substance caused her to slip and fall. "Where the cause of the fall, as in this case, is mere speculation, guess, or conjecture, there is not even a scintilla of evidence to create a material issue of fact for jury determination, because such conjecture has no probative value to create an issue of fact." *Moore,* 564 S.E.2d at 820. By failing to identify the foreign substance, Eason has failed to create a material issue of fact for jury determination. This reason alone requires the Court to grant summary judgment for Publix.

**B. Plaintiff followed reasonable inspection procedures on the day of the fall**

To prevail on a slip-and-fall claim in Georgia, a plaintiff must prove, among other things, "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493

---

[3] The Plaintiff in *Christopher* provided more evidence to support her claim than Eason has here: Christopher noticed "greasy substance on her arms and clothing after her fall." *Christopher* 511 S.E.2d at 580. Eason does not assert that she found anything slick or slippery on her person or clothes after her fall.

5

S.E.2d 403, 414 (Ga. 1997). To prove actual knowledge of a hazard, a plaintiff "must do more than merely show that [the defendant's] employees had a general knowledge that a hazardous condition might exist." *J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749, 752 (Ga. Ct. App. 1999). Rather, the defendant must have some kind of specific knowledge of the particular hazard that caused the plaintiff's injury. *Id.* To prove constructive knowledge, a plaintiff may choose between "one of two ways: [1] by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or [2] by showing that the owner did not use reasonable care in inspecting the premises." *Taylor v. AmericasMart Real Estate, LLC*, 651 S.E.2d 754, 759 (Ga. Ct. App. 2007) (quoting *KMart Corp. v. Jackson*, 521 S.E.2d 93, 96 (Ga. Ct. App. 1999)).

Publix contends that it is entitled to Summary Judgment on Plaintiff's slip and fall claim because Plaintiff has failed to establish that Publix had any actual or constructive knowledge of any potential hazardous condition at the time of the incident and because Publix exercised reasonable care in inspecting its premises (Doc. 18-2 at 10, 13).

To receive summary judgment on that question, Publix must show there is no genuine dispute that "reasonable inspection procedures were in place and followed at the time of the incident." *Straughter v. J.H. Harvey Co., Inc.*, 500 S.E.2d 353, 355 (Ga. Ct. App. 1998) (en banc); *see also Ingles Mkts., Inc. v. Martin*, 513 S.E.2d 536, 537–38 (Ga. Ct. App. 1999) ("In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.").

Eason asserts "[t]here is no evidence in the record that any employee of Publix ever inspected the area where [she] was injured." (Doc. 21 at 6). This assertion is incorrect. Record evidence in the form of deposition testimony makes clear that Publix did maintain an inspection procedure that was in place on the day of the incident leading to Plaintiff's fall. (Doc. 18-7). Publix employee Edward Brown spent the thirty minutes immediately preceding Eason's fall stocking the dairy portion of the cosmetics aisle. While doing so, he saw the length of the aisle and visually inspected the floor "every couple of minutes for slipping and tripping hazards." (Doc. 18-7 ¶ 5-7). Eason complains that "there is no log to say that an employee was watched and observed to have made sure they were following the company's" inspection

6

policy. (Doc. 21 at 2). But Georgia law does not require the existence of a log. Publix must present "[e]vidence establishing an adherence to customary inspection and cleaning procedures on the day in question," not just "proof of the mere existence of such customary procedures." *Ingles Mkts.*, 513 S.E.2d at 538. Publix has provided record evidence in the form of deposition testimony that Brown adhered to customary inspection and cleaning procedures on the day in question, specifically the thirty minutes immediately before Eason's fall. Brown's testimony makes clear that these procedures were in effect and practiced on the day of the incident. (Doc. 18-7). Deposition testimony from assistant store manager Frank Tilcock reiterates that Publix maintained safety and maintenance protocol procedures, which were active and in effect at the time of Plaintiff's injury. (Doc. 18-4 at 41-42).

Plaintiff does not provide any additional or differing facts to dispute the testimony of Brown or Tilcock. Instead, Plaintiff calls the sufficiency of their testimony into question for the purposes of summary judgment by arguing that mere testimony of the existence of a maintenance or inspection procedure is not enough proof to show such procedure occurred. (Doc. 21 at 2).

To support this argument, Plaintiff cites a string of distinguishable cases. First, she cites *Straughter v. J.H. Harvey Co.*, 232 Ga. App. 29 (1998) for the proposition that without evidence that inspection policies were followed on the day in question, a summary judgment grant for defendant is improper. (Doc. 21 at 3-4). Relying on this case ignores Brown's deposition testimony that he followed the inspection procedures on the day in question, immediately leading up to Eason's fall. *Straughter* is distinguishable.

Plaintiff next moves to *Johnson v. All Am. Quality Foods, Inc.*, 340 Ga. App. 664-67 (2017), saying it shows that even when a defendant shows inspection logs as evidence that policies were followed on the day in question, summary judgment may still be improper. (Doc. 21 at 4). In that case, inspection procedures were last followed thirty-eight minutes before a plaintiff's fall. *Johnson,* 798 S.E.2d at 276. *Johnson* is distinguishable because the defendant found "spots of blood and meat products" where the plaintiff fell and because Brown's inspection in the instant case continued for thirty minutes before and up to and during the point of Eason's fall. (*Id.* at 664). The court in *Johnson* found that an inspection even fifteen minutes before a fall may not be sufficient because, "[t]he nature of a supermarket's ... business creates

7

conditions which cause slip and falls to occur with some frequency. Under those circumstances, we have held that premises owners have a duty to inspect with greater frequency." *Johnson*, 798 S.E.2d at 277. Indeed, in a case where a slip and fall occurred next to meat products and blood, the inspection thirty-minutes before a fall would not be sufficient to win at summary judgment. But here, where Eason failed to identify the substance on which she fell and an inspection occurred just before Eason's fall, evidence of adherence to reasonable inspection policies will be sufficient to win at summary judgment. *Johnson* is distinguishable.

Plaintiff finishes by citing to *Food Lion, Inc. v. Walker*, 290 Ga. App. 574, 575 (2008) to contest the sufficiency of Publix's "Don't Pass It Up, Pick It Up" policy. (Doc. 21 at 5). In *Food Lion* an inspection policy was potentially insufficient under the circumstances because a sale on fresh chicken leg quarters created "persistent" "leakage." *Food Lion*, 660 S.E.2d at 428. But Eason provides no similar facts in this case. She has not shown that some product was specifically placed out and both leaking and known to the defendant to be leaking. *Food Lion* is distinguishable.

Based on the available facts, record evidence, and analysis above, the Court grants Summary Judgment in favor of Publix.

## V. CONCLUSION

Eason's slip-and-fall claim fails because she fails to identify the substance on which she slipped and has not created a genuine issue of fact as to whether Publix followed reasonable inspection procedures in the circumstances on the day in question. Accordingly, Defendant's Motion for Summary Judgment (Doc. 18) is **GRANTED**. The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

**SO ORDERED**, this 14th day of January 2026.

                                                **/s/ W. Louis Sands**
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**